IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

TONYA YVONNE JARNAGIN,         )
                               )
        Plaintiff,             )
                               )
            v.                 ) CIVIL ACTION NO. 3:12-CV-558-TMH
                               )               [WO]
COURT OF CHAMBERS COUNTY,      )
*et al.*,                      )
                               )
        Defendants.            )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a 42 U.S.C. § 1983 complaint filed by Plaintiff, an

inmate presently confined at the Chambers County Jail in LaFayette, Alabama.  In this

complaint, Plaintiff complains that as first time offender the sentence imposed on her – ten

years – is extreme.  Plaintiff names as defendants the Court of Chambers County, Lisa

Burdette, Esq., and the Honorable Steve Perryman.  Plaintiff requests that her sentence be

reduced, that she be given a fair trial, or that she be given a chance at probation, parole, or

a rehabilitation program.  Doc. No. 1.  Upon review of the complaint, the court concludes

that dismissal of this case prior to service of process is proper under 28 U.S.C. §

1915(e)(2)(B)(i) and (ii).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his
complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).  This screening
procedure requires the court to dismiss a prisoner's civil action prior to service of process if it
determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be
granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C.
§ 1915(e)(2)(B)(i)-(iii).

# I.  DISCUSSION

## A.  The Court of Chambers County

Plaintiff names as a defendant the Court for Chambers County.  The law is established that courts are not persons within the meaning of 42 U.S.C. § 1983.  *See  Moity v. Louisiana State Bar Association*, 414 F. Supp. 180, 182 (E.D. La. 1976), *aff'd*, 537 F.2d 1141 (5th Cir. 1976).   Dismissal of Plaintiff's complaint against the Court for Chambers County is, therefore, appropriate under 28 U.S.C. § 1915(e)(2)(B)(i).

## B.  Judge Perryman

Plaintiff names Judge Steve Perryman as a defendant.  To the extent Plaintiff seeks declaratory relief from adverse decisions issued by Judge Perryman in the state criminal proceedings over which this Defendant presided, this court lacks jurisdiction to render such judgment in an action filed pursuant to 42 U.S.C. § 1983.

"The *Rooker-Feldman* doctrine prevents . . . lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'  *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)." *Lance v. Dennis*, 546 U.S. 459, 460 (2006).  Although "*Rooker-Feldman* is a narrow doctrine," it remains applicable to bar Plaintiff from proceeding before this court as this case is "brought by [a] state-court loser[] complaining of injuries caused by state-court judgments rendered

2

before the district court proceedings commenced and inviting district court review and rejection of those judgments. 544 U.S. at 284, 125 S.Ct. [at] 1517." *Lance*, 546 U.S. at 464; *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983) (federal district courts "do not have jurisdiction . . . over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional."). Moreover, a § 1983 action is inappropriate either to compel or to appeal a particular course of action by a state court. *Datz v. Kilgore*, 51 F.3d 252, 254 (11th Cir. 1995) (§ 1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment); *see also Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988).

In light of the foregoing, the court concludes that dismissal of Plaintiff's request for declaratory relief with respect to actions undertaken by Judge Perryman during proceedings related to Plaintiff's state court conviction is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i). *See Clark v. State of Georgia Pardons & Paroles Bd.*, 915 F.2d 636 (11th Cir. 1990); *see also Neitzke v. Williams*, 490 U.S. 319 (1989).

*C. Lisa Burdette, Esq.,*

Plaintiff names attorney Lisa Burdette as a defendant. To the extent Plaintiff complains that Defendant Burdette provided ineffective assistance during her criminal trial proceedings, she is entitled to no relief.

3

An essential element of a 42 U.S.C. § 1983 action is that a person acting under color of state law committed the constitutional violation about which a plaintiff complains.  *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40 (1999); *Parratt v. Taylor*, 451 U.S. 527 (1981); *Willis v. University Health Servs., Inc.*, 993 F.2d 837, 840 (11th Cir. 1993).  To state a viable claim for relief under § 1983, a plaintiff must assert "*both* an alleged constitutional deprivation . . . *and* that 'the party charged with the deprivation [is] a person who may fairly be said to be a state actor.'"  An attorney who represents a defendant in criminal proceedings does not act under color of state law.  *Polk Cnty. v. Dodson*, 454 U.S. 312 (1981); *Mills v. Criminal District Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) ("[P]rivate attorneys, even court-appointed attorneys, are not official state actors and . . . are not subject to suit under section 1983."); *Otworth v. Vaderploeg*, 61 F. App'x 163, 165 (6th Cir. 2003) ("A lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983.").

Since the conduct about which Plaintiff complains was not committed by a person acting under color of state law, the § 1983 claims asserted against Defendant Burdette are frivolous because they lack an arguable basis in law.  *Neitzke*, 490 U.S. at 327.  Plaintiff's claims against this Defendant are, therefore, due to be dismissed in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

*D.  The Challenges to Plaintiff's Sentence*

4

A review of Plaintiff's complaint reveals that she seeks to challenge the length of the sentence imposed on her by Judge Perryman. Plaintiff argues that as a first time offender she should have been given a chance for rehabilitation or probation programs rather than a ten year sentence.

This claim may not proceed in a § 1983 action. This claim goes to the fundamental legality of Plaintiff's confinement, and, consequently, provides no basis for relief at this time. *Edwards v. Balisok*, 520 U.S. 641, 646 (1997); *Heck v. Humphrey*, 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck,* the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the [order requiring such confinement] is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. 512 U.S. at 483-89. The Court emphasized that "habeas corpus is the exclusive remedy for a [confined individual] who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983" and, based on the foregoing, concluded that Heck's complaint was due to be dismissed as no cause of action existed under section 1983. *Id*. at 481. In so doing, the Court rejected the lower court's reasoning that a section 1983 action should be construed as a habeas corpus action.

In *Balisok,* the Court further concluded that an inmate's "claim[s] for declaratory [and

5

injunctive] relief and money damages, . . . that necessarily imply the invalidity of the punishment imposed, [are] not cognizable under § 1983 . . ." unless the inmate can demonstrate that the challenged action has previously been invalidated. 520 U.S. at 648. Moreover, the Court determined that this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." *Id.* at 645. The Court reiterated the position taken in *Heck* that the "sole remedy in federal court" for a prisoner challenging the constitutionality of his confinement is a petition for writ of habeas corpus. *Id*. Additionally, the Court "reemphasize[d] . . . that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id*. at 649.

Plaintiff's claims represent a challenge to the constitutionality of her criminal sentence. A judgment in favor of Plaintiff in this cause of action would necessarily imply the invalidity of this sentence. It is clear from the complaint that the sentence about which Plaintiff complains has not been invalidated in an appropriate proceeding. Consequently, the instant collateral attack on the sentence is prohibited as habeas corpus is the exclusive remedy for a state prisoner who challenges the validity of the fact or duration of her confinement. *Balisok*, 520 U.S. at 645; *Heck*, 512 U.S. at 481; *Preiser*, 411 U.S. at 488-90. Such attack is, therefore, subject to summary dismissal by this court in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The § 1983 claims presented against the named defendants be DISMISSED with prejudice in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i);

2.  Plaintiff's challenge to the constitutionality of the conviction and/or sentence imposed upon her by the Circuit Court for Chambers County, Alabama, be DISMISSED without prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) as such claims are not properly before the court at this time; and

3.  This case be DISMISSED prior to service of process in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation **on or before July 16, 2012**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual

findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 2nd day of July, 2012.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE